UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY BRAY,

        Plaintiff,                      Case No. 12-12618
                                                      Honorable David M. Lawson

v.

THE UNIFIED PROPERTY GROUP, LLC,
FELLOWS CREEK APARTMENTS, L.P.,
and FIREMAN'S FUND INSURANCE
COMPANY,

        Defendants.
_____/

### OPINION AND ORDER GRANTING DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO DISMISS

    Plaintiff Tiffany Bray sued defendants Fellows Creek Apartments and Unified Property Group, the owner and property manager, respectively, of an apartment complex where she lived, for injuries to her infant daughter due to carbon monoxide leaking from a defective stove. Despite Bray's lawyer's effort to ensure that Fellows Creek preserved the stove for examination for future litigation, the stove was repaired and put back into service elsewhere without Bray's representatives being able to inspect it. Bray's attorney began negotiating with Fellows Creek's insurance company, defendant Fireman's Fund Insurance Company, shortly after the injuries occurred, but Fireman's Fund did not reveal the spoliation of the stove until several months later. So in addition to the claims against the apartment owner and manager for negligence, Bray has sued the defendants, including Fireman's Fund, for "spoliation," negligent failure to preserve evidence, fraud, conspiracy, and a declaratory judgment. Fireman's Fund has filed a motion to dismiss the claims against it. The plaintiff has responded. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the

disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The hearing previously scheduled for November 13, 2012 is **CANCELLED**. The Court finds that the plaintiff has not stated a claim against Fireman's Fund for which relief can be granted. Therefore, the Court will grant the motion and dismiss the complaint against Fireman's Fund, only.

I

According to the complaint, in August 2009, Bray lived at the Fairway Club Apartments on Tamarack Drive in Canton, Michigan. On August 3, 2009, Bray was staying at the apartment of another resident in the complex with her infant daughter T.J. While Bray was cooking dinner, the carbon monoxide detector in the apartment started to sound. Bray called the building maintenance emergency hotline and told the technician who answered about the alarm. The technician told Bray that the detector was malfunctioning, and that Bray should take it outside and take the batteries out. Bray did so and then went back into the apartment with her daughter. About thirty minutes later, Bray began to feel light-headed and nauseated, and her daughter began to act disoriented and vomited several times. Bray left the apartment and called 911. The Canton Fire Department responded and determined that the stove was producing carbon monoxide. Bray went to the emergency room with her daughter, where both were treated for carbon monoxide exposure and released.

On August 5, 2009, Bray's attorney contacted defendant Fellows Creek and spoke to a staff member about the stove. The staff member told Bray's attorney that the stove was placed in storage and had not been altered since the incident. Bray's attorney asked to talk to the property manager, and was told that Robert Carson, an employee of defendant Unified, handled all matters relating to

injuries to tenants or their guests. On August 6, 2009, Bray's attorney talked to Carson, who told him that the stove remained in storage and would not be moved or changed without providing Bray an opportunity to test the stove. Bray's attorney asked to test the stove then, but was told he would have to file suit before access would be allowed. On August 10, 2009, Bray's attorney sent a letter to Carson confirming the points from the prior conversations in writing. On August 20, 2009, defendant Fireman's Fund got involved when it sent a letter to Bray's attorney acknowledging the August 10th letter and asking to take a statement from Bray.

Bray's attorney negotiated with Fireman's Fund for over a year, from August 2009 to October 2010. Fireman's Fund reassigned the case to new claims adjusters three times during that year; each time the new adjuster asked for time to "review the file." Bray's attorney provided a settlement demand to each adjuster, and each responded with the same original (in plaintiff's opinion, "absurdly low") offer. Each time Bray's attorney asked for a good faith settlement offer, he reminded Fireman's Fund that if the case did not settle he would want to test the stove. Each time he was told that a good faith offer was forthcoming and testing would not be needed. On October 28, 2010, Fireman's Fund reassigned the case to Gil Cloyd. Bray's attorney talked to Cloyd during the week of November 1, 2010, and Cloyd told him that the stove had been moved, repaired, and placed back in service in another apartment within three weeks of the carbon monoxide exposure incident. Cloyd stated that he knew about the August 10, 2009 letter and admitted that there was a "spoliation issue."

Bray filed her complaint on June 15, 2012. On July 26, 2012, defendant Fireman's Fund filed its motion to dismiss. On August 3, 2012, defendants Fellows Creek and Unified answered. The Court ordered defendant Fireman's Fund to answer, which it did on August 31, 2012.

The complaint begins with a claim based on the Declaratory Judgment Act, which is grounded on a theory that the defendants destroyed evidence and should therefore be saddled with a presumption that the stove was dangerous and emitted the highest levels of carbon monoxide possible without causing immediate injury or death (count I). The complaint also alleges negligent exposure to carbon monoxide against defendant Fellows Creek (count II); negligent destruction of evidence against all defendants (count III); negligent performance of a voluntarily-undertaken duty against defendant Fellows Creek (count IV); fraud against all defendants (count V); negligent infliction of emotional distress against all defendants (count VI); and civil conspiracy against all defendants (count VII).

I.

Rule 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief

but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556] U.S. [662] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

Fireman's Fund argues that all the claims against it must be dismissed. It contends that the plaintiff is not entitled to a declaratory judgment against it because (1) Michigan courts do not recognize a stand-alone cause of action for spoliation that could support a declaratory judgment; and (2) Bray does not allege that Fireman's Fund ever had control or possession of the stove and therefore has failed to state any claim that it spoiled the evidence. The negligent destruction of evidence count must be dismissed, Fireman's Fund argues, because it had no duty to Bray to preserve the stove as evidence and did not assume any such duty voluntarily. Fireman's Fund also denies that it had a legal duty that would support the claim for negligent infliction of emotional distress. Fireman's Fund argues that the claim for fraud must be dismissed because Bray has failed to meet the particular pleading requirements of Rule 9(c), and because Bray has alleged nothing more than the fact that Fireman's Fund knew of a material fact and disclosed it, albeit late. And Fireman's Fund argues that Bray has alleged no facts to support the element of agreement needed in a claim for conspiracy, but has instead made only a conclusory charge of "concerted action" without no supporting facts.

The Court will address each of these arguments, and the plaintiff's response to them, in turn.

A.

In defending her claims for declaratory judgment and negligent destruction of evidence against Fireman's Fund, Bray argues that Michigan state law and federal case law establish that a party has a duty to preserve evidence when it knows or reasonably should know that litigation will occur. Bray cites various cases, all holding that a district court has broad authority to impose

sanctions for failure to preserve evidence, and from those she reasons that because the Court can impose sanctions for the failure to preserve, and the defendant contends that it had no duty to preserve, she is entitled to a declaratory judgment establishing her rights.

It is true that a party may seek sanctions for spoliation of evidence against an opposite party against whom it otherwise has a valid claim. "District courts have broad discretion to craft proper sanctions for the spoliation of evidence," which may include (1) dismissing a case, (2) granting summary judgment, or (3) instructing the jury that it may infer a fact based on lost or destroyed evidence. *Adkins v. Wolever*, 692 F.3d 499, 504 (6th Cir. 2012). To prevail on such a claim, the claimant must show that (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Id.* at 503-04. The culpability element is satisfied if the party that destroyed the evidence did so either (2) knowingly, with or without an intent to breach its duty to preserve; or (2) negligently. *Id.* at 504-05. Although the Court may find that a party was not culpable because it did not have control over the evidence at the time of destruction, that finding alone does preclude sanctions. *Id.* at 505-07. Whether a sanction is appropriate depends on the facts and circumstances of each case. *Ibid.*

However, the plaintiff never had an independent claim against Fireman's Fund for the carbon monoxide exposure. Fireman's Fund was only the insurer for one of the tortfeasors. Michigan law does not permit a direct action against an insurer under those circumstances. *See* Mich. Comp. Laws § 500.3030 ("In the original action brought by the injured person, or his or her personal

-6-

representative in case death results from the accident, . . . the insurer shall not be made or joined as a party defendant . . . .").

Fireman's Fund undertook the task of adjusting the claim against its insured, Fellows Creek. If Fireman's Fund mishandled the evidence, then its insured may have to pay the price. But "Michigan does not recognize spoliation of evidence as a valid cause of action." *Teel v. Meredith*, 284 Mich. App. 660, 662 774 N.W.2d 527, 529 (2009). "Absent an articulable, legally recognized duty, there can be no cause of action for the alleged tort of spoliation of evidence." *Id.* at 673, 774 N.W.2d at 534. And "[t]here is no independent cause of action for spoliation under federal law, but a district court's inherent power to control litigation and protect the integrity of the judicial process allows it to impose sanctions against a party for spoliating evidence." *R.C. Olmstead, Inc. v. CU Interface*, LLC, 657 F. Supp. 2d 878, 887 (N.D. Ohio 2009).

Bray cites *Hogan v. Raymond Corp.*, 777 F. Supp. 2d 906, 914 (W.D. Pa. 2011), for the proposition that Pennsylvania does not allow a stand-alone spoliation claim, but does allow "spoliation claims . . . pled as negligence." She cites *Webber v. Hilborn*, No. 286861, 2009 WL 5150082, at *8-9 (Mich. Ct. App. Dec. 29, 2009), for essentially the same proposition.

Bray's negligence claim against Fireman's Fund suffers from defects similar to her spoliation claim. To prevail on a claim of negligence under Michigan law, the plaintiff must show that (1) the defendant owed her a legal duty, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the breach was a proximate cause of her damages. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Schultz v. Consumers Power Co.*, 443 Mich. 445, 506 N.W.2d 175 (1993)). To prove the element of duty, the plaintiff must show that the defendant owed her a legal obligation based on the relationship between the parties. *Rupert v. Daggett*, No. 11-1134,

\_\_\_ F.3d \_\_\_, 2012 WL 4096151, at *4 (6th Cir. Sept. 19, 2012) (citing *Brown v. Brown*, 478 Mich. 545, 552, 739 N.W.2d 313, 316-17 (2007)).

As Michigan courts have explained it, "[d]uty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Brown*, 478 Mich. at 552, 739 N.W.2d at 316-17 (quoting *Moning v. Alfono*, 400 Mich. 425, 254 N.W.2d 759, 765 (1977)). Factors relevant to a finding of duty include "(1) the relationship of the parties; (2) the foreseeability of harm; (3) the degree of certainty of injury; (4) the closeness of connection between the defendant's conduct and the injury; (5) the moral blame attached to the conduct; (6) the public policy interest in preventing future harm; and (7) the burdens and consequences of imposing a duty and the resulting liability for breach." *Rupert*, 2012 WL 4096151, at *4 (quoting *Rakowski v. Sarb*, 269 Mich. App. 619, 629, 713 N.W.2d 787, 795 (2006)).

Bray has failed to state a claim for negligence in the destruction of evidence because she cannot establish that Fireman's Fund had a duty to preserve the stove at issue. Even if there is some distinction between "spoliation of evidence" and a general claim of negligence based on destruction of evidence, Bray cannot point to any duty assumed or implied under which Fireman's Fund had an obligation to preserve the stove. Bray asserts that defendant Unified had control over the stove, and does not claim that Fireman's Fund ever had the stove or did anything to it.

None of the factors favor a finding that Fireman's Fund had a duty to Bray to protect or preserve the stove. Bray and Fireman's Fund had no legal relationship; Fireman's Fund insured the interests of Bray's potential opponent. There is no apparent connection between any conduct Bray has alleged by Fireman's Fund and the actual handling or alteration of the stove. Bray claims only

that at some point the stove was placed back in service in a different apartment at defendant Unified's property, and that Fireman's Fund did not tell her when that happened. Destruction of evidence certainly is morally "bad," and there is a public interest in ensuring that injured plaintiffs have access to evidence needed to prove their claims, but a finding of duty in this case would impose substantial obligations of investigation and evidence gathering that heretofore have not been recognized.

Although Bray asserts that Fireman's Fund admitted that "there might be a spoliation issue," that does not suffice to establish that it was Fireman's Fund that had the legal duty to do anything in order to prevent any spoliation. The fact that Fireman's Fund "injected itself into the process" of handling Bray's claim and directed that Bray communicate with Fireman's Fund on all matters relating to the case does not by itself establish that Fireman's Fund assumed any duty to preserve.

If Fireman's Fund knew the stove was going to be altered before the alteration happened, then perhaps it would have owed some duty to Bray to disclose that fact. However, Bray offers no facts to show that Fireman's Fund knew about the stove being repaired and returned to service before November 1, 2010. The plaintiff's best case under the facts she pleaded was that Fireman's Fund only found out about the spoiling of the stove after it happened. Under those circumstances, it was already too late to prevent the harm that had already occurred, and Fireman's Fund's failure to tell Bray could not have caused the plaintiff any added harm.

The failure to state claims against Fireman's Fund for intentional spoliation or negligence also undermines the plaintiff's declaratory judgment count. The Declaratory Judgment Act does not create substantive rights. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). "Before a court can grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, the court must determine

'whether the facts alleged, under all the circumstances, show (1) there is a substantial controversy, (2) between parties having adverse legal interests, (3) of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Blakely v. United States*, 276 F.3d 853, 872 (6th Cir. 2002) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). The Court cannot find in the complaint a valid claim by the plaintiff against Fireman's Fund for allowing the stove to be repaired before the plaintiff was allowed to inspect it. Therefore, the Court finds that counts I and III of the complaint must be dismissed against Fireman's Fund.

B.

In support of her fraud theory, Bray argues that instead of letting her know about the stove's handling, Fireman's Fund instead purported to engage in "good faith" settlement negotiations, even as it concealed the facts that the stove was going to be destroyed or had been destroyed. That is not enough.

In federal court, when alleging fraud, a party must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex*

*L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations and citations omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

The elements of fraud in Michigan are:

(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi–Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976); *Higgins v. Lawrence*, 107 Mich. App. 178, 184, 309 N.W.2d 194, 197 (1981).

To prove "silent fraud," the plaintiff must show (1) the suppression of a material fact, (2) which the defendant in good faith has a duty to disclose. *M&D, Inc. v. W.B. McConkey*, 231 Mich. App. 22, 28-29, 585 N.W.2d 33, 37 (1998). Under Michigan law, "silence cannot constitute actionable fraud unless it occurred under circumstances where there was a legal duty of disclosure." *Ibid.*

The plaintiff may state a claim for innocent misrepresentation under Michigan law if she can allege that she "detrimentally relie[d] upon a false representation in such a manner that the injury [she suffered] inure[d] to the benefit of the [defendant]." *Id.* at 27, 585 N.W.2d at 37 (citing *United States Fidelity & Guaranty Co. v. Black*, 412 Mich. 99, 118, 313 N.W.2d 77, 84-85 (1981)).

Bray has failed to state a claim for fraud against Fireman's Fund, because (1) she has not alleged that Fireman's Fund knew about the handling of the stove before November 1, 2010; and (2) she does not contend that Fireman's Fund made any affirmative representation about the stove. Bray only alleges that Fireman's Fund told her on November 1, 2010 that the stove had been put back into service. She has pleaded no facts to show that Fireman's Fund knew anything about the

condition of the stove before then, even though she asserts that the stove was repaired and put back into service long before, in August 2009.

The statements by Fireman's Fund that testing would not be needed do not establish that Fireman's Fund knew anything about the stove's condition do not establish fraud; they only show that Fireman's Fund thought the case would settle, and therefore thought testing would not be needed regardless of what condition the stove was in.

C.

The plaintiff argues that the complaint states a valid conspiracy claim based on allegations that Bray's attorney sent a letter to defendants; the stove was repaired and reinstalled sometime around three weeks after the incident; and that "Defendant, who was essentially exclusively handling Plaintiff's claim, did not give Plaintiff any notice before the Stove was repaired and placed back in residential use." Pl.'s Resp. to Mot. to Dismiss at 16. Bray then repeats her charge that "Defendant, its insured, and Defendant Unified realized that the Stove and other evidence relating to the carbon monoxide exposure would create liability to them and therefore conspired to either intentionally destroy[] the evidence or negligently destroy it, and conceal this fact from Plaintiff for as long as possible," asserting that "[t]hese facts establish a claim for civil conspiracy." *Ibid.* The Court, once again, must disagree.

Under Michigan Law, a civil conspiracy consists of (1) a concerted action, (2) by a combination of two or more persons, (3) to accomplish an unlawful purpose, (4) or to accomplish a lawful purpose by unlawful means. *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 769 (6th Cir. 2012) (citing *Mays v. Three Rivers Rubber Corp.*, 135 Mich. App. 42, 48, 352 N.W.2d 339, 341 (1984)). "[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove

a separate, actionable, tort." *Ibid.* (quoting *Early Detection Ctr., P.C. v. N.Y. Life Ins. Co.*, 157 Mich. App. 618, 632, 403 N.W.2d 830, 836 (1986)) (internal quotation marks omitted).

Bray has failed to state a claim for civil conspiracy against Fireman's Fund, because she has not pled any facts to show that Fireman's Fund had any agreement, explicit or tacit, with either of the other defendants regarding the stove. The only facts Bray alleges show that Fireman's Fund knew about the spoiling of the stove on November 1, 2010, long after the stove was put back into service. Bray offers nothing to show that Fireman's Fund and either Unified or Fellows Creek came to any meeting of the minds over how to handle the stove at any time before then.

D.

Finally, Bray contends that she has stated a claim for negligent infliction of emotional distress by repeating in her response the allegations in the complaint that she suffered "severe shock" when she witnessed her daughter overcome by carbon monoxide poisoning, and she experiences anxiety over whether that exposure might lead to long-term developmental deficits. Fireman's Fund says that it simply had no duty to the plaintiff to preserve the evidence, so that tort must fail as well.

To prove a claim for negligent infliction of emotional distress under Michigan law, the plaintiff must allege facts showing that (1) a third party suffered an actual or threatened injury, (2) the injury was serious and of a such a nature as to cause severe mental disturbance to the plaintiff, (3) the shock of witnessing the injury resulted in actual physical harm to the plaintiff, (4) the plaintiff is a member of the third person's immediate family, and (5) the plaintiff was present at the time of the injury or suffered a shock "fairly contemporaneous" with the event. *Taylor v. Kurapati*, 236 Mich. App. 315, 360, 600 N.W.2d 670, 693 (1999).

Bray has failed to state a claim for negligent infliction of emotional distress against defendant Fireman's Fund because she has not pleaded facts to support the notion that Fireman's Fund was responsible in any way for causing a shock-producing injury.  Even if the complaint could be read to allege that Fireman's Fund was responsible for destroying all evidentiary remnants of the defective stove, that conduct could not be parlayed into a claim of actual physical harm to anybody, much less the plaintiff or her daughter.  The plaintiff attempts to tie the spoliation of the stove to her anxiety in not being able to assess the extent of her daughter's exposure to carbon monoxide.  That connection, however valid it might be, does not even suggest that the plaintiff "witnessed" the offending conduct — repairing the stove — or suffered from shock that was "fairly contemporaneous" with the stove repair.

There is no basis to hold Fireman's Fund accountable for emotional distress suffered by the plaintiff because her daughter was exposed to carbon monoxide weeks before the insurance company became involved with the case.

### III.

Based on the filings before the Court, it appears that someone — maybe even defendant Fireman's Fund's claims adjusters — mishandled the evidence at the heart of this claim.  Consequences likely will flow from that snafu.  But the plaintiff has not pleaded a claim against Fireman's Fund that the law recognizes.

Accordingly, it is **ORDERED** that defendant Fireman's Fund's motion to dismiss [dkt. #12] is **GRANTED**.

It is further **ORDERED** that the motion hearing scheduled for November 13, 2012 is **CANCELLED**.

It is further **ORDERED** that counts I, III, V, VI, and VII of the complaint are **DISMISSED** as to defendant Fireman's Fund, **ONLY**, and Fireman's Fund is terminated as a direct party to the action.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated:   October 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 30, 2012.

                                      s/Deborah R. Tofil  
                                       DEBORAH R. TOFIL